# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Audley Brown, | ) |
|         Plaintiff, | ) |
| v. | ) |
| | )    Case No.: 1:20-cv-22434 |
| Florida Power & Light Company, | ) |
| Briggs & Stratton Corporation, | ) |
| Generac Power Systems, Inc. | ) |
|         Defendants. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

The Plaintiff, Audley Brown (hereinafter, "Mr. Brown" or "Plaintiff"), by and through his undersigned legal counsel, makes this Complaint against the Defendants, Florida Power & Light Company ("FPL"), Briggs & Stratton Corporation ("Briggs & Stratton"), and Generac Power Systems, Inc. ("Generac") (hereinafter, collectively, the "Defendants"), and alleges the following:

## NATURE OF THE ACTION

1. Plaintiff seeks damages to compensate him for acts of patent infringement engaged in by the Defendants in violation of the laws of the United States.

1

## THE PARTIES

2. Plaintiff is an individual who resides at 767 NW 64th St., Miami, Florida 33150.

3. On information and belief, Defendant FPL is a corporation organized and existing under the laws of the State of Florida, and has a principal place of business at 70 Universe Blvd., Juno Beach, FL 33408.

4. On information and belief, Defendant Briggs & Stratton is a Wisconsin corporation organized and existing under the laws of the State of Wisconsin, and has a principal place of business at 3300 N. 124th St., Milwaukee, WI 53222.

5. On information and belief, Defendant Generac is a Wisconsin corporation organized and existing under the laws of the State of Wisconsin, and has a principal place of business at S45 W29290 WI-59, Waukesha, WI 53189.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

7. This Court may exercise personal jurisdiction over Defendants based upon their contacts with this forum, and placing their infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Florida, including in this District. The acts by Defendants have caused injury to Plaintiff within this District. Upon information and belief, Defendants derive substantial

revenue from the sales of infringing products within this District, expect their actions to have consequences within this District, and derive substantial revenue from interstate and international commerce.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400 (b) because Defendants regularly do business, have committed acts of infringement, and are subject to personal jurisdiction here.

## BACKGROUND

9. Mr. Brown is the owner of all right, title, and interest in, and the named inventor of, United States Patent No. 5,998,961 (hereafter, "the '961 Patent"), entitled "PORTABLE BATTERY CHARGER." (See enclosed Ex. A.) The '961 Patent expired on February 4, 2020.

10. The '961 Patent was duly and legally issued to Mr. Brown.

11. The '961 Patent discloses a new portable battery charger for jump-starting an engine of a disabled vehicle.

12. The '961 Patent claims a main housing having a motor and a generator disposed therein. The main housing includes gasoline and oil intake portions in communication with the motor. A pair of cables extends outwardly from one of the side walls of the main housing. The pair of cables is in communication with the generator. The pair of cables each has a spring-loaded clip disposed on free ends thereof for operative coupling with positive and negative terminals of a battery. *Id.*

13. On information and belief, Defendants also do business in manufacturing and/or distributing and/or selling of portable battery chargers.

14. On information and belief, and without Plaintiff's authorization, Defendants have made, used, offered to sell, sold, and/or imported into the United States products having the assembly and components claimed in the '961 Patent.

15. On information and belief, Defendant Briggs & Stratton's infringing portable battery chargers include a portable battery charger identified, at least, as "Briggs & Stratton 6250 Watt Portable Generator".

16. On information and belief, Defendant Generac's infringing portable battery chargers include a portable battery charger identified, as least, as "Generac Gas Power Charger".

17. On information and belief, Defendant FPL sold and/or offered to sell both the "Briggs & Stratton 6250 Watt Portable Generator" and the "Generac Gas Power Charger."

18. Without a license, consent, or authorization from Mr. Brown, Defendants sold and/or offered for sale, manufactured, used, or imported into the United States a plurality of the "Briggs & Stratton 6250 Watt Portable Generator" and "Generac Gas Power Charger" products.

19. Rather than innovate and develop their own technology and a unique PORTABLE BATTERY CHARGER, Defendants chose to copy Mr. Brown's technology and innovative style in its infringing products.

20. On information and belief, Defendant Briggs & Stratton's "Briggs & Stratton 6250 Watt Portable Generator" contains elements defined with respect to the claims of the '961 Patent.

21. On information and belief, Defendant Briggs & Stratton intentionally manufactured and/or sold, or offered for sale, or imported into the United States the "Briggs & Stratton 6250 Watt Portable Generator" knowing of the existence of the '961 Patent, including in Miami-Dade County.

22. On information and belief, Defendant Briggs & Stratton continues to use, offer to sell, sell, and/or import into the United States the "Briggs & Stratton 6250 Watt Portable Generator" knowing of the existence of the '961 Patent.

23. On information and belief, Defendant Generac's "Generac Gas Power Charger" contains elements defined with respect to the claims of the '961 Patent.

24. On information and belief, Defendant Generac intentionally manufactured and/or sold, or offered for sale, or imported into the United States, the "Generac Gas Power Charger" knowing of the existence of the '961 Patent, including in Miami-Dade County.

25. On information and belief, Defendant continues to use, manufacture, offer to sell, sell, and/or import into the United States the "Generac Gas Power Charger" knowing of the existence of the '961 Patent.

26. On information and belief, Defendant FPL intentionally sold or offered for sale the "Briggs & Stratton 6250 Watt Portable Generator" and the "Generac Gas Power Charger," knowing of the existence of the '961 Patent, including in Miami-Dade County.

27. On information and belief, Defendant FPL continues to sell or offer to sell the "Briggs & Stratton 6250 Watt Portable Generator" and the "Generac Gas Power Charger," knowing of the existence of the '961 Patent.

28. Defendants' knowing and repeated infringement of the Plaintiff's '961 Patent was intentional and willful.

29. Defendants, upon being notified of their infringing product, knowingly continued to sell Plaintiff's patented PORTABLE BATTERY CHARGER.

## COUNT I: PATENT INFRINGEMENT

30. Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 29 above, inclusive, and incorporates them by reference herein.

31. Defendant Briggs & Stratton has made, used, offered to sell, sold, and/or imported into the United States the "Briggs & Stratton 6250 Watt Portable Generator" knowing of the existence of the '961 Patent without Plaintiff's authorization.

32. Defendant Generac has made, used, offered to sell, sold, and/or imported into the United States the "Generac Gas Power Charger" knowing of the existence of the '961 Patent without Plaintiff's authorization.

33. Defendant FPL sold or offered to sell the "Briggs & Stratton 6250 Watt Portable Generator" and "Generac Gas Power Charger" knowing of the existence of the '961 Patent without Plaintiff's authorization.

34. Defendants, directly, contributorily and by inducement, infringed at least one claim of the '961 Patent, literally and/or under the doctrine of equivalents. Defendants violated 35 U.S.C. § 271 by having sold, offered to sell, make or use the patented invention in the United States, by actively having induced others to sell, offer to sell, make or use the patented invention in the United States, and by offering to sell or selling within the United States components of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

35. Defendants' infringement was intentional and willful, making this an exceptional case.

36. Plaintiff has been and will continue to be irreparably harmed by Defendants' infringement of his '961 Patent.

37. Defendants' infringing activities violate 35 U.S.C. § 271.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Audley Brown respectfully prays for:

    A.    Judgment that Defendants willfully infringed the '961 Patent in violation of 35 U.S.C. § 271;

    B.    An award of damages adequate to compensate him for the patent infringements that have occurred, including pursuant to 35 U.S.C. § 284, which shall be trebled as a result of Defendants' willful patent infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law, and costs;

    C.    Actual damages suffered by him as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

    D.    Awarding him additional remedy, permitted by 35 U.S.C. § 289, including but not limited to, Defendants' profits on its products found to infringe the '961 Patent;

    E.    An assessment of costs, including reasonable attorney fees, pursuant to 35 U.S.C. § 285, with prejudgment interests;

    F.    Restitutionary relief against Defendants and in favor of Plaintiff, including disgorgement of wrongfully obtained profits and any other appropriate relief; and

    G.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, BROWN demands a jury trial on all issues raised in this Complaint triable to a jury.

Respectfully submitted,


/s/ Albert Bordas
Albert Bordas, Esq.
ALBERT BORDAS, P.A.
5975 Sunset Drive, Suite 705
Miami, Florida 33143
(305) 669-9848 (Tel.)
(305) 669-9851 (Fax)
albert@bordasiplaw.com
FL Bar No. 330220


/s/ Manotti L. Jenkins
Manotti L. Jenkins, Esq.
LAW OFFICES OF MANOTTI L. JENKINS, LTD.
150 North Michigan Avenue, Suite 2800
Chicago, Illinois 60601
(312) 208-9537 (Tel.)
(872) 228-8153 (Fax.)
MJ@mljlawoffices.com


*Pro Hac Vice Pending*