**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:20-cv-22434

Audley Brown,

    Plaintiff,

v.

Florida Power & Light Company,
Briggs & Stratton Corporation,
Generac Power Systems, Inc.

    Defendants.
_____/

**DEFENDANT'S, FLORIDA POWER & LIGHT COMPANY, REPLY MEMORANDUM TO PLAINTIFF'S RESPONSE TO FLORIDA POWER & LIGHT COMPANY'S MOTION TO STRIKE RETURN OF SERVICE [D.E. 7-1]**

Defendant, Florida Power & Light Company, ("FPL") by and through its undersigned counsel, replies to Plaintiff's Response to Motion to Strike Return of Service and states as follows:

**I.    Introduction**

FPL continues to request this relief because Plaintiff, or his counsel, refuse to strike the return of service alleging that FPL was personally served with the summons and complaint on June 29, 2020 even though the Return of Service relating to FPL is false. Plaintiff continues to maintain that service upon FPL was made, even after being advised that there is no record of such service ever occurring. Based on the facts set forth below, FPL respectfully submits that the Return of Service [D.E. 7-1] must be stricken.

*Brown v. FPL, et al.*
FPL's Reply to Response to Motion to Strike
Case No. 20-cv-22434
Page 2

## II.   Reply to Response

### a. Plaintiff offers no facts to support that service was made on June 29, 2020.

In Response to the Motion to Strike, Plaintiff's only argument is that because the undersigned counsel used the word "another", it was an admission that service was made on FPL on June 29, 2020. It is not.

Immediately upon reviewing the Response, undersigned counsel corresponded with Plaintiff's counsel to apologize for use of the word, "another", and explained that prior to service on July 20, 2020 (the alleged second service), counsel had already received a copy of the complaint that was apparently downloaded from PACER. The word "another" referred to the fact that counsel had a copy of the complaint which was sent from other sources. It was not intended as an admission that FPL was served with the summons and complaint twice.

In addition, as argued in the Motion to Strike, the process server did not serve an alias summons; rather, it appears that he served the original summons. If the original summons had been served on June 29, 2020, as alleged in the Return of Service, how could the process server re-serve "another" copy of the summons and complaint that was allegedly served on June 29, 2020 again on July 20, 2020.

### b. Video Surveillance establishes that no process was served on June 29, 2020.

All process on FPL is served at the main visitor's lobby at FPL's Juno Beach location. The Return of Service executed under penalty of perjury states:

> I, David Sucher, do hereby affirm that on the 29th day of June, 2020 at 3:45 pm, I served an AUTHORIZED entity by delivering a true copy of the Summons in a Civil Action, Civil Cover Sheet, Civil Cover Sheet Attachment, Complaint for Patent Infringement and Exhibits with the date and hour of service endorsed thereon by me, to: ANNIE DELOIX as LEGAL/AUTHORIZED at the address of: 700 UNIVERSE BLVD, JUNO BEACH, FL 33408, who stated they are authorized to

*Brown v. FPL, et al.*
FPL's Reply to Response to Motion to Strike
Case No. 20-cv-22434
Page 3

accept service for FLORIDA POWER & LIGHT COMPANY, and informed said person of the contents therein, in compliance with state statutes.

FPL's visitor lobby is under continuous video surveillance. Upon receiving the Return of Service, FPL personnel reviewed the video from the visitor's lobby for June 29, 2020 from 3:00 p.m. to 4:30 p.m. when the alleged service was made.

Luis G. Marti, Manager of Security Operations for FPL, reviewed the video from the visitor's lobby and executed a Declaration attached hereto as Exhibit 1. In summary, Mr. Marti states that no process was served on FPL on June 29, 2020 between 3:00 p.m. and 4:30 p.m. and, in fact, the video shows that no one entered the visitor's lobby during that time. Therefore, it is impossible for Mr. Sucher to have served the summons and complaint on June 29, 2020 at 3:45 p.m. as stated in the return of service.

**c. The logs demonstrate that no process was served on June 29, 2020.**

During discussions concerning this Motion, Plaintiff's counsel stated the following:

Dear Mr. Ianno,

One more comment, our process server informed us that "at FPL they require all servers to sign into a log, and he definitely did do that.", indicating that the process server physically appeared at FPL.

Thank you Sir

Email dated July 17, 2020 at 11:44 a.m., attached hereto as Exhibit 2.

Mr. Marti's Declaration further states that he reviewed the logs for the date in question and there is no sign in for Mr. Sucher or the summons and complaint in this action. Plaintiff's counsel's statement and representation is false as Mr. Sucher never signed the log on June 29, 2020 as represented. See also, Declaration of Annie Huddas, attached hereto as Exhibit 3. Ms. Huddas states that the name of the person serving process, the date and time of service as well as the style

*Brown v. FPL, et al.*
FPL's Reply to Response to Motion to Strike
Case No. 20-cv-22434
Page 4

of the case are entered into the log. Mr. Sucher's name does not appear in the log from June 11, 2020 to July 9, 2020.

### d. It was impossible for process to be served on Ms. Huddas as stated in the Return of Service.

Finally, Plaintiff's counsel originally stated that the Return of Service would be amended to correct a typographical error in the name of the person served. Mr. Bordas stated:

> Our process server is providing us an Amended Affidavit. Apparently the last name of the recipient at FPL was misspelled, but she was in fact served. According to the process server, a physical description of the recipient at FPL will also be included. We will of course present you and file the Amended Affidavit as soon as we receive it.

Email dated July 17, 2020 at 11:37 a.m., attached hereto as Exhibit 2.

Rather than file an Amended Affidavit, the process server arrived at FPL on July 20, 2020 to serve the summons and complaint. No Amended Affidavit was ever provided. If process was actually served on June 29, 2020, why did Mr. Sucher arrive at FPL to serve the complaint on July 20, 2020. The simplest answer is that he never served it on June 29, 2020.

FPL believes that the person referenced in the Return of Service is Annie Huddas who typically receives process and was the person who accepted service on July 20, 2020. Once again, the statement made by Plaintiff's counsel cannot be substantiated. As demonstrated by Ms. Huddas' Declaration attached hereto as Exhibit 3, it is impossible for the Return of Service to have a typographical error and for Mr. Sucher to have served Ms. Huddas on behalf of FPL on June 29, 2020 because Ms. Huddas was in the middle of a quarantine. On June 29, 2020, Ms. Huddas was quarantined in her home and could not have accepted service of the complaint in this action as she was not in the office.

*Brown v. FPL, et al.*
FPL's Reply to Response to Motion to Strike
Case No. 20-cv-22434
Page 5

### III.  Conclusion

The inescapable conclusion is that the Return of Service [D.E. 7-1] is false. The evidence, including the video, log and fact that Ms. Huddas was quarantined, establish that it is impossible for Mr. Sucher to have served FPL on June 29, 2020 as was stated in the Return of Service under penalty of perjury.

WHEREFORE, FPL, respectfully requests that this Court strike the Return of Service [D.E. 7-1], reset the response deadline for FPL to respond to the Complaint to August 19, 2020, enter an Order to Show Cause requiring Plaintiff or counsel to explain why they refuse to strike the return of service after learning that it is false together with such other and further relief as is just and proper.

### Certificate of Compliance with Local Rule 7.1(A)(3)

In accordance with Local Rule 7.1(A)(3), Defendant FPL states that counsel for Plaintiff has agreed to treat FPL as served on July 20, 2020 and to reset the response deadline for FPL to August 19, 2020 but has not agreed to strike the Return of Service from the docket.

FLORIDA POWER & LIGHT COMPANY

By:  */s/ Joseph Ianno, Jr.*
    Joseph Ianno, Jr. (655351)
    Managing Attorney
    Florida Power & Light Company
    700 Universe Boulevard
    Juno Beach, Florida 33408
    (561) 694-4311
    FAX (561) 691-7103
    Joseph.Iannojr@fpl.com

*Brown v. FPL, et al.*
FPL's Reply to Response to Motion to Strike
Case No. 20-cv-22434
Page 6

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on all parties of record this 5th day of August, 2020.

*/s/ Joseph Ianno, Jr.*
