UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-22434-MARTINEZ/Otazo-Reyes

Audley Brown,

        Plaintiff,

vs.

Florida Power & Light Company,
Briggs & Stratton Corporation,
Generac Power Systems, Inc.,

        Defendants.
_____/

**DEFENDANT GENERAC POWER SYSTEMS, INC.'S
MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

Generac Power Systems, Inc. ("Generac") moves for Rule 11 sanctions against Plaintiff Audley Brown ("Plaintiff" or "Brown") and Plaintiff's counsel Manotti Jenkins and Albert Bordas for failing to conduct a reasonable investigation before filing the Complaint.[1] After multiple conversations with Mr. Jenkins regarding Rule 11 and Plaintiff's baseless claims, they continue to maintain this lawsuit even though they know, or reasonably should know, that their claims are not warranted by existing law and that the factual contentions on which this suit is based are demonstrably false. Plaintiff and his counsel failed to conduct a reasonable pre-suit investigation into the infringement claims prior to filing the Complaint, which forced Generac to needlessly waste money defending objectively baseless claims. Accordingly, Generac respectfully moves this Court to enter sanctions against Plaintiff and his counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure, including the dismissal of this action with prejudice.

---

[1] Pursuant to Fed. R. Civ. P. 11(c), Generac served this motion on Plaintiff and his counsel on July 22, 2020.

Plaintiff sued Generac, claiming that Generac's gas-powered generator products infringed U.S. Patent No. 5,998,961 ("the '961 patent"), which is directed to "a battery charger for jump-starting an engine of a disabled vehicle." The Complaint fails to identify a single accused Generac product by name—the purportedly accused "Generac Gas Power Charger" does not exist in Generac's product line. [*See* Declaration of Kevin Cole ("Cole Decl."), ¶4.] From conversations with Mr. Jenkins, it was clear that Plaintiff's counsel had not reviewed any of Generac's products, or conducted a proper Rule 11 pre-suit investigation before filing the Complaint. After being told that there was no such "Generac Gas Power Charger" product,[2] Plaintiff and his counsel tried to cure the Rule 11 violation by identifying twenty-three accused products in a post-filing "claim chart." However, the twenty-three identified products only highlight and further support the Rule 11 violation. The facts objectively demonstrate that none of these twenty-three products infringe the '961 patent, and any reasonable investigation of publicly available information Generac's counsel identified confirms as much.[3]

This is not the first time Plaintiff and his counsel has forced Generac to waste resources on these very same allegations. Plaintiff and his counsel asserted these same baseless claims against

---

[2] In addition, Generac's counsel voluntarily provided Plaintiff and his counsel with prior art that invalidates the asserted claims. Namely, a Generac product brochure from the 1960s that discloses a gas-powered generator for jump-staring a vehicle. Despite this invalidating art, Plaintiff and his counsel continue to press this frivolous lawsuit.

[3] The complete lack of a reasonable pre-suit investigation is further demonstrated by Plaintiff's baseless claims against the other Defendants. It is Generac's understanding that the accused "Briggs & Stratton 6250 Watt Portable Generator" product, [*see* DE-1, ¶16], is also incapable of jump-starting the engine of a disabled vehicle and is not sold or even compatible with battery charging cables. Furthermore, co-Defendant Florida Power & Light Company has no record of ever selling a "Briggs & Stratton 6250 Watt Portable Generator" or a "Generac Gas Power Charger" product, [*see* DE-18-1 at 3], which further underscores Plaintiff and his counsel's failure to meet their Rule 11 obligations before filing this lawsuit.

2

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Generac years ago. Specifically, in 2016, Generac explained to Plaintiff and his counsel why their positions were baseless and factually unsupportable. Generac explained to Plaintiff and his counsel that none of its generator products are capable of infringing the '961 patent because they cannot jump-start a disabled vehicle. In fact, Generac's publicly available product manuals explain clearly that its generator products "***can not*** [*sic*] be used to crank an engine having a discharged battery." [Declaration of Thomas Leach ("Leach Decl."), Ex. A, Ex. B (emphasis added); Cole Decl., ¶7.] If Plaintiff and his counsel had conducted a reasonable pre-suit investigation, they would have known that none of Generac's products can jump-start a disabled vehicle. Generac told them that years ago in 2016.

Plaintiff's lawsuit was objectively unreasonable from the outset, which would have been apparent if Plaintiff and his counsel would have performed a reasonable pre-suit investigation. Generac respectfully requests that the Court grant its motion, and order, as appropriate sanctions, that this action be dismissed with prejudice and that Plaintiff and its counsel be required, jointly and severally, to reimburse Generac for its attorneys' fees and other expenses incurred in connection with defending against this baseless action.

## STATEMENT OF FACTS

Generac is a world leader in the design and manufacture of power generation products for residential, light commercial, and industrial markets. On March 13, 2016, Manotti Jenkins, who is counsel for Plaintiff Brown in this case, sent Generac a demand letter, which enclosed a copy of the '961 patent, stated that Generac's generator products infringed Claim 2, and insisted that Generac cease production of its generator products until it had entered a license for the '961 patent. [Leach Decl., Ex. C.] Specifically, Brown's demand letter stated that Generac's products "operate

within the language of at least Claim 2 of the '961 Patent, *in that they can be used to 'jump-start an engine of a disabled vehicle*' . . . ." [*Id.* (emphasis added).]

After conducting a thorough analysis, Generac responded that none of its products infringed because they were not capable of jump-starting the engine of a disabled vehicle, which is required by the claims of the '961 patent. [Leach Decl., Ex. D.] In fact, Brown's allegations of infringement were so frivolous that the Wisconsin Department of Justice[4] began an investigation under Wis. Stat §100.197(3), which permits the Attorney General to investigate purported claims of patent infringement that contain false and misleading information in order to protect legitimate businesses from the threat of patent trolls and non-practicing entities. [Leach Decl., Ex. E.] Wis. Stat §100.197(3); *see also* Wis. Stat §100.197(2)(b) ("A patent notification may not contain false, misleading, or deceptive information."). The Wisconsin Department of Justice wrote to Brown's counsel, Mr. Jenkins, and explained that Brown's frivolous demand letters regarding the '961 patent "did not provide a comprehensive analysis of any way in which the intended use of the [accused] equipment would violate th[e] asserted patent claim." [Leach Decl., Ex. F.] The Department of Justice warned Brown and his counsel that it would "consider filing appropriate enforcement actions" against Brown for any future frivolous patent demands. [*Id.*]

On June 12, 2020, however, Brown and his counsel re-asserted their frivolous claims, this time in Federal Court. [DE-1.] Brown sued Generac and Briggs & Stratton, asserting the same '961 patent against the same generator products—identical claims to those which the Wisconsin

---

[4] Generac is headquartered in Waukesha, Wisconsin. In 2016, Brown and his counsel sent similar demand letters to the generator manufacturers Kohler Company and Briggs & Stratton, which are also headquartered in Wisconsin. Briggs & Stratton is a co-defendant in the present lawsuit. Brown's frivolous demand letters to Kohler Company and Briggs & Stratton were part of the same investigation by the Wisconsin Department of Justice.

4

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Department of Justice warned Brown about four years earlier. The Complaint alleges that the '961 patent is limited to a "portable battery charger for jump-starting an engine of a disabled vehicle." [DE-1, ¶11.] The "jump-starting" limitation is confirmed by the language of the '961 patent—every independent claim requires a battery charger "for jump-starting an engine of a disabled vehicle." [DE-1-1, col. 4, ll. 40-41; col. 5, ll. 1-2.] But the purportedly infringing "Generac Gas Power Charger" product identified in the Complaint does not exist in Generac's product catalog. [DE-1, ¶16; Cole Decl., ¶4.] Like Brown's 2016 demand letter, the Complaint failed to provide any analysis as to how the intended use of the non-existent, but purportedly infringing product would infringe the '961 patent by jump-starting the engine of a disabled vehicle.

After Generac was served with the Complaint, Generac's counsel reached out to Brown's counsel to resolve the lawsuit without having to incur significant legal fees. Generac's counsel explained that Generac's products do not infringe because they are not capable of jump-starting the engine of a disabled vehicle—something they were told back in 2016 and would have known if a proper pre-suit investigation was conducted. Generac's counsel explained in detail why none of Generac's portable generators produced enough output to jump-start a disabled vehicle and showed Plaintiff's counsel where Generac's owner's manuals specifically stated the products could not be used to jump-start a vehicle because they did not produce the power required to do so. In fact, Generac's portable generators produce less than ten percent of the power required to jump-start a vehicle. [*See* Cole Decl., ¶6.]

Generac's counsel also sought a claim chart because the Complaint failed to identify any specific asserted claims, and the purportedly infringing product did not exist in Generac's product catalog. In response, on July 7, 2020, Brown's counsel provided a conclusory "claim chart" that listed twenty-three purportedly infringing Generac products in various appendices. [Leach Decl.,

5

Ex. G.] The claim chart confirmed that the '961 patent required a portable battery charger "for jump-starting an engine of a disabled vehicle." [*Id.*] But the claim chart simply copy/pasted the language of the '961 patent and failed to provide any analysis or identify how the accused products infringed on an element-by-element basis. [*Id.*]

The claim chart demonstrates Plaintiff's failure to conduct a reasonable pre-suit investigation—none of the twenty-three accused Generac products are able to jump-start a disabled vehicle, which requires more than ***ten times*** the direct current than Generac's products can provide. [*See* Cole Decl., ¶6.] Generac's product manuals even explain that its generator products "***can not*** [*sic*] be used to crank an engine having a discharged battery." [Leach Decl., Ex. A, Ex. B (emphasis added); Cole Decl., ¶7.] More troubling, only three of the twenty-three accused products are even compatible with battery charging cables that Plaintiff asserts are used with the accused generators to infringe. [*See* Cole Decl., ¶¶7-8.] And, the identified battery charging cables are not of sufficient gauge to support jump-starting a disabled vehicle. [*Id.*] Thus, Plaintiff and his counsel identified twenty Generac allegedly infringing products that do not include (or even accept) cables that connect to a car battery—another required limitation of the asserted '961 patent claims. If Plaintiff and his counsel had performed any reasonable pre-suit investigation, such as purchasing or inspecting the purportedly infringing products, it would have been clear that they could not infringe. Indeed, simply reviewing the publicly available owner's manuals on Generac's website would have informed Plaintiff's counsel that Generac's portable generators are not capable of jump-starting the engine of a disabled vehicle and that many of the products they accuse do not even accept battery cables required by the '961 patent claims.

Generac's counsel responded to Mr. Jenkins on July 10, 2020 and again explained that Generac's generators clearly do not infringe the '961 patent. [Leach Decl., Ex. H.] Generac's

6

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

counsel also explained that the '961 patent is invalid in view of decades-old prior art, which Generac's counsel shared freely with Mr. Jenkins. [*Id.*] A product brochure for Generac's Startanator product from 1969 discloses a gas-powered generator for jump-staring a vehicle. [Leach Decl., Ex. I.] Even though Generac's products do not infringe, and the '961 patent is invalid, Plaintiff and his counsel have continued to press infringement claims that they have known were frivolous for over four years.

## ARGUMENT

Rule 11 of the Federal Rules of Civil Procedure imposes an affirmative duty upon counsel to conduct a reasonable investigation of the facts before filing papers with the court. Rule 11(b) of the Federal Rules of Civil Procedure provides, in part, as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances**, --
>
> (3) **the factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b) (emphasis added).

"Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[U]nder Rule 11, an attorney must make a reasonable inquiry into both the legal and factual basis of a claim prior to filing suit." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). In this Circuit:

7

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

> Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose."

*Spolter v. Sun Trust Bank*, 403 F. App'x 387, 389 (11th Cir. 2010) (quoting *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)); *see also Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

Although Generac believes that Plaintiff and his counsel filed this objectively baseless lawsuit for the improper purpose of extracting a nuisance-value settlement, a showing of bad faith is not required for there to be a violation of Rule 11. *Hashemi v. Campaigner Publ'ns, Inc.*, 784 F.2d 1581, 1583 (11th Cir. 1986) (The 1983 amendments to Rule 11 "abrogated the bad faith standard in favor of a more stringent objective standard" so as "to 'reduce the reluctance of courts to impose sanctions.'"); *Donaldson v. Clark*, 819 F.2d 1551, 1560 (11th Cir. 1987) ("[S]ince proof of bad faith is no longer required, the amended rule holds attorneys to a higher standard than did the prior version of Rule 11."). Rather, compliance with Rule 11 is judged under an objective standard of "reasonableness under the circumstances."

> Accordingly, the Court
>
> first determines whether the party's claims are objectively frivolous-in view of the facts or law-and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry. **If the attorney failed to make a reasonable inquiry, then the court *must* impose sanctions despite the attorney's good faith belief that the claims were sound.**

*Worldwide Primates*, 87 F.3d at 1254 (citations omitted) (emphasis added); *see also Baker*, 158 F.3d at 524 ("This court requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware

8

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

that they were frivolous."). "[S]anctions are warranted when the claimant exhibits a deliberate indifference to obvious facts . . . ." *Baker*, 158 F.3d at 524 (quotations omitted).

In patent cases like this one, when a patent holder is challenged for bringing or maintaining an infringement suit in violation of Rule 11, the patent holder bears the burden of proof that it has a reasonable basis for its claim. *See, e.g.*, *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361 (Fed. Cir. 2012); *Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1368 (Fed. Cir. 2007); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) ("In bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement."). "Rule 11 requires an attorney who files a patent infringement action to compare the accused device with the construed patent claims." *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1073 (Fed. Cir. 2002); *see also Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997) (vacating district court's denial of Rule 11 sanctions and remanding for calculation of monetary sanctions where "there is no evidence that [plaintiff] or his attorneys compared the accused devices with the patent claims prior to filing the complaint") (internal quotation omitted). Brown's Complaint fails to meet this standard. It does not identify a specific Generac product capable of infringement, which demonstrates that Plaintiff's counsel did not conduct any infringement analysis, let alone one sufficient to meet its Rule 11 obligations.

**I.    Plaintiff and his Counsel violated Rule 11 by failing to perform a reasonable pre-suit investigation; the allegations of infringement lack objective evidentiary support.**

Plaintiff's allegations of infringement violate Rule 11(b)(3) because they lack objective evidentiary support. No reasonable attorney who had conducted an adequate pre-suit investigation could conclude otherwise. Sanctions are appropriate.

9

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

Brown's Complaint fails to list a specific infringing product. The purportedly infringing "Generac Gas Power Charger" product identified in the Complaint does not exist in Generac's product catalog. [DE-1, ¶16; Cole Decl., ¶4.] Like Brown's 2016 demand letter, the Complaint fails to provide any analysis as to how the intended use of the purportedly infringing product would infringe the asserted patent claim. If Brown and his counsel had performed a reasonable pre-suit investigation, they would have known that there is no "Generac Gas Power Charger" product in Generac's product line. Brown and his counsel had no reasonable basis to assert the so-called "Generac Gas Power Charger" product infringed the '961 patent when no such product exists. Rule 11 is not satisfied by asserting infringement against a generic product line. *See Pellegrini v. Analog Devices, Inc.*, No. 02-11562-RWZ, 2006 U.S. Dist. LEXIS 726, at *5-6 (D. Mass. Jan. 11, 2006) (sanctions imposed where plaintiff based infringement claim against advertisements but failed to identify specific infringing product). To satisfy Rule 11, Plaintiff's counsel must have construed the claims and compared a specific product to the properly construed claims. *See View Eng'g*, 208 F.3d at 986; *Smart Options, LLC v. Jump Rope, Inc.*, No. 12 C 2498, 2013 U.S. Dist. LEXIS 17743, at *14 (N.D. Ill. Feb. 11, 2013) (sanctions imposed where plaintiff failed to purchase or inspect accused application before asserting infringement claim).

Brown's post-suit, conclusory claim chart provided to Generac's counsel[5] does nothing to remedy this problem. In fact, it confirms Brown and his counsel failed to conduct a reasonable investigation before asserting claims of infringement and after it was told the claims were baseless

---

[5] As the Federal Circuit recognizes, Rule 11 applies to the "other papers" in a case, including post-filing assertions of infringement contained in letters to counsel. *See Antonious*, 275 F.3d at 1074 ("An attorney's obligation under Rule 11(b)(3) to conduct a proper prefiling investigation applies not only to the complaint but also to 'other papers' filed in the case, such as the [] letter at issue in this case.").

10

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

and why. The post-suit claim chart identified twenty-three generator products. [Leach Decl., Ex. G.] But none of these products can infringe the '961 patent because they are not capable of "jump-starting an engine of a disabled vehicle," which is required by the claims. [*See* Cole Decl., ¶6.] Generac's portable generator products produce, at most, 10 amps of direct current. [*Id.*] Jump-starting a vehicle, however, requires more than ten times that amount—in excess of one hundred amps of direct current. [*Id.*] Expert analysis is not necessary; simply searching Google reveals that it takes about 400 amps to jump-start a car:



Generac's product manuals, which are publicly available on Generac's website, clearly explain that its generator products "***can not*** [*sic*] be used to crank an engine having a discharged battery." [Leach Decl., Ex. A, Ex. B (emphasis added); Cole Decl., ¶7.] Furthermore, twenty of the accused products are not able to provide direct current to an external automotive battery, and it is physically impossible to connect the battery cables identified in Brown's post-suit claim chart to these units. [*See* Cole Decl., ¶7.] There is no possible objective basis to conclude that the accused products could satisfy the jump-starting limitation. Finally, one of the accused products is a diesel generator, [*see* Leach Decl., Ex. J], but every independent claim of the '961 patent requires "a housing

11

LOTT & FISCHER, PL • 255 Aragon Avenue • Third Floor • Coral Gables, FL 33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

including ***gasoline*** and oil intake portions." [DE-1-1, col. 4, ll. 43-44; col. 5, ll. 4-5 (emphasis added).] A cursory review of Generac's website would have revealed that this accused product was a diesel generator, which ***cannot*** infringe. It is apparent that Brown and his counsel never inspected the accused products before asserting their infringement claim and forcing Generac to expend considerable resources investigating and responding to the Complaint.

If Brown and his counsel had performed a reasonable pre-suit investigation, such as purchasing the products, inspecting them, or even reading their product manuals which are freely available on Generac's website, they would have known that these products are incapable of jump-starting the engine of a disabled vehicle. As the Federal Circuit and courts in this District have found, Brown and his counsel's failure to compare the accused products with the asserted claims violates Rule 11. *See Antonious*, 275 F.3d at 1073; *Judin*, 110 F.3d at 784 (finding "a clear violation of Rule 11" where there was "no evidence that [the plaintiff] or his attorneys compared the accused devices with the patent claims prior to filing the complaint."); *Orenshteyn v. Citrix Sys.*, No. 02-60478, 2007 U.S. Dist. LEXIS 98996, at *18-19 (S.D. Fla. Jan. 5, 2007) (imposing Rule 11 sanctions where the plaintiff "did not have any, let alone a reasonable factual basis, for instituting this suit against [the defendant]. His deposition testimony is replete with evidence that he was not familiar with the accused products named in his complaint or the reason why those products allegedly infringed his patents."); *Stanis v. Allied Signal, Inc.*, No. 96-6704, 1998 U.S. Dist. LEXIS 4775, at *15 (S.D. Fla. Mar. 2, 1998) (imposing Rule 11 sanctions because "it was not reasonable for the plaintiff to file a complaint alleging patent infringement, since he failed to conduct a proper investigation into the defendant's device, and ignored the defendant's repeated explanations of the differences between their device and his patent.").

In addition to the fact that Generac does not infringe, the claims of the '961 patent are plainly invalid, as Generac's counsel has repeatedly explained to Plaintiff's counsel. A patent is invalid if the alleged invention was "was known or used by others . . . or described in a printed publication . . . before the invention thereof by the applicant for a patent." *See* pre-AIA 35 U.S.C. § 102(a). A Generac product brochure from the 1960s discloses a gas-powered generator for jump-starting a vehicle. [Leach Decl., Ex. I.] Generac's counsel voluntarily provided Brown and his counsel with this prior art after the suit was filed, yet they continued to press their frivolous lawsuit.

Finally, the relief sought in the Complaint is also not warranted under existing law, which further confirms that Plaintiff and his counsel failed to meet their Rule 11 obligations. The Complaint sought an "additional remedy, permitted by 35 U.S.C. § 289, including but not limited to, Defendants' profits on its [*sic*] products found to infringe the '961 patent" and "[r]estitutionary relief against Defendants and in favor of Plaintiff, including disgorgement of wrongfully obtained profits . . . ." [DE-1, Prayer for Relief, ¶D, ¶G.] Disgorgement of profits under 35 U.S.C. § 289 is only available for *design* patents. *See* 35 U.S.C. § 289 ("Whoever during the term of a ***patent for a design*** . . . .") (emphasis added). The '961 patent is a *utility* patent. [*See* DE-1-1.] The remedy of disgorgement has not been available for utility patent infringement since 1946. *See SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 807 F.3d 1311, 1326 (Fed. Cir. 2015) (en banc), *rev'd on other grounds*, 137 S. Ct. 954 (2017) ("in the Patent Act of 1946, Congress eliminated accounting of profits as a remedy for patent infringement (except for design patents)"); *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1310 n.1 (Fed. Cir. 2013) (en banc) ("An infringer's profits are, of course, no longer an available remedy for the infringement of a utility patent. *See* 35 U.S.C. § 284."); *see generally* 7 Chisum on Patents § 20.02 (2020). Brown's claim

for a disgorgement of profits is clearly not warranted by the facts or existing law, which he and his counsel would have known if they had met their Rule 11 obligation.

The Complaint also pleads that "Plaintiff has been and will continue to be irreparably harmed by Defendants' infringement of his '961 patent." [DE-1, ¶36.] Irreparable harm is an element of injunctive relief, which is clearly unavailable here, since the '961 patent is expired. *See Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1551 (Fed. Cir. 1994) ("[B]ecause [Plaintiff's] patents have expired, the district court certainly did not abuse its discretion in denying injunctive relief."). Indeed, Brown admits as much. [*See id.*, ¶9 ("The '961 Patent expired on February 4, 2020.").] Brown's pleading of irreparable harm is clearly unwarranted by the facts and law.

Plaintiff and his counsel failed to conduct a reasonable pre-suit investigation before asserting infringement against Generac's products, and Plaintiff has continued to press its frivolous lawsuit even in the face of clear evidence of non-infringement and invalidity. These positions are objectively unreasonable, and Rule 11 sanctions are appropriate.

**II.   Plaintiff's violation of Rule 11 warrants sanctions.**

Plaintiff and his Counsel's willful and deliberate violation of Rule 11 should be sanctioned. *See Worldwide Primates*, 87 F.3d at 1254 ("If the attorney failed to make a reasonable inquiry, then the court ***must*** impose sanctions despite the attorney's good faith belief that the claims were sound.") (emphasis added). The amount of the sanction imposed should "deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Generac respectfully requests sanctions in two forms.

First, Rule 11 authorizes the Court to strike the portions of the pleadings asserted in violation of the Rule. Fed. R. Civ. P. 11, commentary to 1993 Amendments, p. 81 (noting "the court has available a variety of possible sanctions to impose for violations, such as striking the

14

**LOTT & FISCHER, PL** • 255 Aragon Avenue • Third Floor • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

offending paper; issuing an admonition, reprimand, or censure . . . ."). The Complaint should be dismissed with prejudice because it has no basis in fact or law.

Second, Brown's failure to conduct a reasonable pre-suit investigation and resulting claims has, to date, caused Generac to incur substantial legal fees and costs associated with the defense to these claims, including preparing and filing the present Motion. *See* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."). Generac respectfully submits that if the Court deems an award of attorney fees or any other monetary sanction to be appropriate, a detailed submission setting forth the amount of fees so claimed will be provided.

## CONCLUSION

For the foregoing reasons, Generac respectfully requests that the Court grant this motion and order sanctions against Brown and his counsel under Federal Rule of Civil Procedure 11 in an amount equivalent to its costs and attorneys' fees incurred responding to Brown's frivolous Complaint [DE-1] and preparing this Motion. Generac also respectfully requests that the Court dismiss Brown's frivolous Complaint with prejudice.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), Defendant Generac Power Systems, Inc., requests a hearing on its Motion for Sanctions Pursuant to Fed. R. Civ. P. 11. The Motion for Sanctions implicates issues of case procedure and judicial and economic efficiency. Given the importance of the issues implicated by the Motion for Sanctions, Generac Power Systems, Inc., submits that the parties should be allowed to present their positions directly to the Court.  Oral argument will assist the Court in reaching a prompt determination of the merits because the parties would have the

CASE NO. 1:20-CV-22434-MARTINEZ-OTAZO-REYES

opportunity to isolate and clarify the core issues and to answer any questions from the Court. Generac Power Systems, Inc. estimates that one hour should be scheduled for the hearing.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

In accordance with Local Rule 7.1(a)(3), Generac certifies that its counsel has conferred with counsel for Plaintiff, who advised that Plaintiff opposes the motion or the relief requested by Generac.

*[signature on following page]*

CASE NO. 1:20-CV-22434-MARTINEZ-OTAZO-REYES

Date: August 13, 2020    Respectfully submitted,

**MERCHANT & GOULD P.C.**

**Thomas Leach**
Thomas J. Leach*
E-mail: tleach@merchantgould.com
Michael A. Erbele*
E-mail: merbele@merchantgould.com
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 332-5300

* *Admitted pro hac vice*

And

**LOTT & FISCHER, PL**

Ury Fischer
Florida Bar No. 048534
E-mail: ufischer@lottfischer.com
255 Aragon Avenue, Third Floor
Coral Gables, FL 33134
Telephone: (305) 448-7089

***Attorneys for Defendant Generac Power Systems, Inc.***

CASE NO. 1:20-CV-22434-MARTINEZ-OTAZO-REYES

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on August 13, 2020, the foregoing document, the Declaration of Kevin Cole, and the Declaration of Thomas Leach were served on all counsel of record identified on the attached Service List, via U.S. Mail and electronic mail on July 22, 2020 and via filing with CM/ECF on August 13, 2020.

    /s/ Thomas Leach
    Thomas Leach

CASE NO. 1:20-CV-22434-MARTINEZ-OTAZO-REYES

# SERVICE LIST

*Audley Brown v. Florida Power & Light Company, et al.*
United States District Court, Southern District of Florida
**CASE NO. 1:20-CV-22434-MARTINEZ-OTAZO-REYES**

Service via CM/ECF:

**ALBERT BORDAS, P.A.**
Albert Bordas
E-mail: albert@bordasiplaw.com
5975 Sunset Drive, Suite 705
Miami, FL 33143
Telephone: (305) 669-9848

**MANOTTI L. JENKINS, LTD**
Manotti L. Jenkins
E-mail: mj@mljlawoffices.com
150 North Michigan Avenue, Suite 2800
Chicago, IL 60601
Telephone: (312) 208-9537

*Attorneys for Plaintiff*

**HANSEN REYNOLDS LLC**
John P. Shanahan
E-mail: jshannahan@hansenreynolds.com
Thomas S. Reynolds II
E-mail: treynolds@hansenreynolds.com
Joseph J. Jacobi
E-mail: jjacobi@hansenreynolds.com
Jeremy Adelson
E-mail: jadelson@hansenreynolds.com
301 N. Broadway, Suite 400
Milwaukee, WI 53202-2660
Telephone: (414) 455-7676

*Attorneys for Briggs & Stratton Corporation*