UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-22434-MARTINEZ/Otazo-Reyes

Audley Brown,

        Plaintiff,

vs.

Florida Power & Light Company,
Briggs & Stratton Corporation,
Generac Power Systems, Inc.,

        Defendants.
_____/

**DECLARATION OF KEVIN COLE IN SUPPORT OF
DEFENDANT GENERAC POWER SYSTEMS, INC.'S
MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

I, Kevin Cole, declare as follows:

1. I am employed as a Senior Associate Engineer at Defendant Generac Power Systems, Inc. ("Generac") in the above-captioned lawsuit.

2. I make this Declaration on my own information, knowledge, and belief in support of Generac's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.

3. I understand that Plaintiff Audley Brown ("Brown") alleged, in the Complaint, that the "Generac Gas Power Charger" product infringes U.S. Patent No. 5,998,961 ("the '961 patent"), which is directed to "a battery charger for jump-starting an engine of a disabled vehicle."

4. While Generac makes several portable gas generators for various purposes, Generac does not make or sell a product named or identified "Generac Gas Power Charger".

5. I also understand that Plaintiff Brown accused, in a claim chart, twenty-three specific Generac portable generator products of infringing the '961 patent. These accused products (the "Generac Accused Products") include the following Generac model numbers: 5734; 5735; 5802; 5939; 5946; 6823; 6824; 6825; 6826; 6827; 6864; 6866; 7117; 7127; 7128; 7129; 7676; 7677; 7680; 7681; 7682; 7683; and 7686.

6. None of the Generac Accused Products are capable of "jump-starting an engine of a disabled vehicle." In fact, none of Generac's portable gas-powered generators sold during any period relevant to this case, whether accused or not, are capable of jump-starting a vehicle. Only three of the Generac Accused Products can provide, at most, 10 amperes of direct current to an external automotive battery for trickle (slowly) charging a battery. To my knowledge, jump-starting the engine of a disabled vehicle requires well in excess of 10 amperes of direct current—at a minimum in excess of 100 amperes.

7. Only three of the Generac Accused Products can provide any direct current to an external automotive battery through battery charging cables—model numbers 5734; 5735; and 7117. The publicly available Owner's Manual for each of these products explains that they "can not be used to crank an engine having a discharged battery." The remainder of the Generac Accused Products are not able to provide direct current to an external automotive battery.

8. The Generac Portable Generator Battery Charging Cable accessory, Model No. 065787, which I understand was identified in Appendix 6 of Plaintiff's claim chart, is designed to trickle (slowly) charge a battery. The cables are not made of sufficient gauge wire to handle jumpstarting the engine of a vehicle. In other words, the wire used in Generac's battery charging cables is not thick enough to handle the current or amperage required to jump-start a vehicle.

CASE NO. 1:20-CV-22434-MARTINEZ-OTAZO-REYES

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: July 22, 2020

_____
Kevin Cole