UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Audley Brown, )<br>)<br>   Plaintiff, )<br>v. )<br>)<br>Florida Power & Light Company, )<br>Briggs & Stratton Corporation, )<br>Generac Power Systems, Inc. )<br>)<br>   Defendants. )<br>_____) | Case No.: 1:20-cv-22434 |

**PLAINTIFF'S RESPONSE TO DEFENDANT GENERAC POWER SYSTEMS, INC.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

The Plaintiff, Audley Brown (hereinafter, "Plaintiff, Audley Brown"), by and through his undersigned legal counsel, files this Response to Defendant Generac Power Systems, Inc.'s (hereinafter, "Generac" or "Defendant Generac") Motion For Sanctions Pursuant To Fed. R. Civ. P. 11.

The Plaintiff, Audley Brown and his undersigned legal counsel conducted a reasonable investigation before filing the Complaint, and in good faith believe there are valid claims against Defendant Generac. Accordingly, the Plaintiff, Audley Brown and his undersigned legal counsel respectfully request that the Court deny Defendant Generac Power Systems, Inc.'s Motion, and deny sanctions against the Plaintiff, Audley Brown and his undersigned legal counsel.

The Plaintiff, Audley Brown sued Generac, claiming that Generac's generator products infringed U.S. Patent No. 5,998,961 ("the '961 patent"), which is titled "PORTABLE BATTERY CHARGER".

1

The Complaint stated:

"13. On information and belief, Defendants also do business in manufacturing and/or distributing and/or selling of portable battery chargers.

14. On information and belief, and without Plaintiff's authorization, Defendants have made, used, offered to sell, sold, and/or imported into the United States products having the assembly and components claimed in the '961 Patent …

16. On information and belief, Defendant Generac's infringing portable battery chargers include a portable battery charger identified, as least, as "Generac Gas Power Charger"."

Research on Generac's products was performed to identify portable battery chargers. The accused Generac products in the Complaint were labeled as "Generac Gas Power Charger", whereby undersigned legal counsel Albert Bordas performed a proper pre-suit investigation, being a Patent Infringement Analysis, completed on September 16, 2019. Please see Exhibit 1, the Patent Infringement Analysis; and please see Exhibit 1A, Patent Infringement Analysis date / time stamped as created on: Monday, September 16, 2019 at 3:53 PM. [*See* Declaration of Albert Bordas ("Bordas Decl."), ¶4 and 5.] An email dated Monday, September 16, 2019 at 4:01 PM comprising the Patent Infringement Analysis was sent to Plaintiff, Audley Brown and Lead Counsel Manotti Jenkins. Please see Exhibit 1B. [*See* Declaration of Albert Bordas ("Bordas Decl."), ¶6.]

In addition, the undersigned legal counsel Albert Bordas performed a proper pre-suit investigation, being a Generac Claim Chart, completed on November 22, 2019. Please see Exhibit 2; and please see Exhibit 2A, Generac Claim Chart date / time stamped as created on: Friday, November 22, 2019 at 3:29 PM. [*See* Declaration of Albert Bordas

("Bordas Decl."), ¶7 and 8.]. An email dated Friday, November 22, 2019 at 4:38 PM comprising the Generac Claim Chart was sent to Plaintiff, Audley Brown and Lead Counsel Manotti Jenkins. Please see Exhibit 2B. [*See* Declaration of Albert Bordas ("Bordas Decl."), ¶9.]

The Patent Infringement Analysis of Exhibit 1, and the Generac Claim Chart of Exhibit 2, were completed comparing the '961 patent to Generac's products as seen in the link https://www.zoro.com/b/GENERAC/

Said link comprises at least these relevant models:

GENERAC 5500W Gas Portable Generator 120/240VAC Recoil; Zoro #: G3696856; Mfr #: 5939. Please see Exhibits 3 and 3A. [*See* Declaration of Albert Bordas ("Bordas Decl."), ¶10.]

GENERAC 15000W Gas Portable Generator 120/240VAC Electric; Zoro #: G8530751; Mfr #: 5734 (in Owner's Manual language specifically stating, "This generator has the capability of recharging a discharged 12 Volt automotive or utility style storage battery."). Please see Exhibits 4 and 4A. [*See* Declaration of Albert Bordas ("Bordas Decl."), ¶11.]; and

GENERAC 17500W Gas Portable Generator 120/240VAC Electric; Zoro #: G8530767; Mfr #: 5735. Please see Exhibits 5 and 5A. [*See* Declaration of Albert Bordas ("Bordas Decl."), ¶12.]

After analyzing and discussing the Patent Infringement Analysis completed on September 16, 2019, and the Generac Claim Chart completed on November 22, 2019, the Plaintiff, Audley Brown and his undersigned legal counsel in good faith believed there

were valid claims against Defendant Generac and therefore proceeded with the Complaint filing on June 12, 2020.

Plaintiff's '961 Patent was a valid, enforceable US patent. Once awarded by the US Patent and Trademark Office, Plaintiff's '961 Patent was never re-examined, nor was it ever invalidated.

During the life of Plaintiff's '961 Patent, Defendant Generac never attempted to challenge it, and never petitioned the US Patent and Trademark Office to re-examine it for any reason, including to try to invalidate it.

In it's Motion, Generac presents that "none of its generator products are capable of infringing the '961 patent because they cannot jump-start a disabled vehicle. In fact, Generac's publicly available product manuals explain clearly that its generator products "***can not*** [*sic*] be used to crank an engine having a discharged battery.""

Generac jumped to this conclusion without understanding the '961 patent and how Plaintiff, Audley Brown's invention works.

Generac also jumped to this conclusion without any discovery in the case.

In addition, Generac also jumped to this conclusion without the benefit of a Markman hearing. A Markman hearing is a pretrial hearing in a U.S. District Court during which a judge examines evidence from all parties on the appropriate meanings of relevant key words used in a patent claim, when patent infringement is alleged by a plaintiff. It is also known as a "Claim Construction Hearing".

Holding a Markman hearing in patent infringement cases has been common

4

practice since the U.S. Supreme Court, in the 1996 case of <u>Markman v. Westview Instruments, Inc.</u>, 517 U.S. 370 (1996), found that the language of a patent is a matter of law for a judge to decide, not a matter of fact for a jury to decide. Markman hearings are important, because the court determines patent infringement cases by the interpretation of claims. Furthermore, Markman hearings are before a judge, and generally take place before trial. A Markman hearing may occur before the close of discovery, along with a motion for preliminary injunction, or at the end of discovery, in relation to a motion for summary judgment. A Markman hearing may also be held after the trial begins, but before jury selection. The evidence considered in a Markman hearing falls into two categories: intrinsic and extrinsic. Intrinsic evidence consists of the patent documentation and any prosecution history of the patent. Extrinsic evidence is testimony, expert opinion, or other unwritten sources; extrinsic evidence may not contradict intrinsic evidence.

The Plaintiff's position is that at least some of Generac's portable generator products are capable of charging an automotive battery, which may then jump start a vehicle, and fall within the scope of the awarded claims of the '961 Patent.

Referring to the '961 patent, in the Specification it states "In use, the present invention would eliminate the need to remove *<u>a dead or weak battery</u>* to have it recharged or tracking down someone for a jump-start. There would be no need to call a service station for assistance since the *<u>recharging</u>* could be completed right on the spot by the vehicle owner. By simply connecting the cables **32** and starting the motor, electricity would be produced by the alternator for direct transfer to the dead battery for *<u>recharging</u>*." Please see Exhibit 6, the '961 patent, Column 4, Lines 11 – 18.

Plaintiff's lawsuit and filing of the Complaint was reasonable having performed the proper pre-suit investigation, being the development of the Patent Infringement Analysis and the Generac Claim Chart.

Plaintiff, Audley Brown and his undersigned legal counsel respectfully request that the Court deny Defendant Generac Power Systems, Inc.'s Motion and deny sanctions against the Plaintiff, Audley Brown and his undersigned legal counsel; and that Defendant Generac and its counsel be required, jointly and severally, to reimburse Plaintiff for his attorney's fees and other expenses incurred in connection with defending against this baseless Motion.

## STATEMENT OF FACTS

Plaintiff, Audley Brown filed a patent application at the United States Patent and Trademark Office on Feb. 4, 1999. Said patent application was awarded as the '961 patent on December 7, 1999. A file history of the '961 patent clearly shows that *no prior art* was cited *against* the '961 patent. Please see Exhibit 7, file history of the '961 patent.

The file history of the '961 patent also clearly shows that Plaintiff's '961 Patent was never re-examined, nor was it ever invalidated.

The file history of the '961 patent also shows that Defendant Generac never attempted to challenge it or petition the US Patent and Trademark Office to re-examine it for any reason.

The file history of the '961 patent also shows that Amendments were not required to overcome cited art. This is because the US Patent Examiner did not reject Plaintiff, Audley Brown's patent application with any prior art.

On March 13, 2016, undersigned legal counsel Manotti Jenkins, sent Generac a demand letter, which enclosed a copy of the '961 patent, and stated that Generac's

generator products infringed Claim 2, and insisted that Generac cease production of its generator products until it had entered a license for the '961 patent. [Leach Decl., Ex. C.]. Specifically, Brown's demand letter stated that Generac's products "operate within the language of at least Claim 2 of the '961 Patent, *in that they can be used to 'jump-start an engine of a disabled vehicle*' . . . ." [*Id.* (emphasis added).]

For infringement to exist, a claim (any claim) of a patent must read on an alleged infringing article. To read on an article, each element of the claim must find correspondence in an element or structure in the alleged infringing article. Thus, the elements claimed in the patent must be individually analyzed.

Besides literal infringement, there is the doctrine of equivalents. Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd., 535 U.S. 722 (2002), was a United States Supreme Court decision in the area of patent law that examined the relationship between the doctrine of equivalents (which holds that a patent can be infringed by something that is not literally falling within the scope of the claims because a somewhat insubstantial feature or element has been substituted) and the doctrine of prosecution history estoppel (which holds that a party who makes a change to a patent application to accommodate the requirements of patent law cannot claim indirect infringement of an element that was narrowed by that change).

Furthermore, the case Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd. held that any patent application amendment made for patentability purposes that narrows the scope of the patent is subject to prosecution history estoppel. The Supreme Court held that an amendment creates a presumption that estoppel bars such a claim, but that presumption is rebuttable. In order to rebut the presumption, a patentee "must show that at the time of the amendment one skilled in the art could not reasonably be expected to have drafted a claim that would have literally encompassed the alleged equivalent."

7

The Court further held that not only is the burden on the patentee to show that an amendment was not made for the purpose of patentability, but he or she must also show that the amendment does not surrender the particular element.

Examination of the File Wrapper for the '961 patent Application shows that **_no_** amendments were made to the initial claims that contained language specifically at issue.

Therefore, Plaintiff, Audley Brown may claim infringement via the _doctrine of equivalents_ in addition to _literal infringement_.

Since the '961 patent taught "In use, the present invention would eliminate the need to remove a _dead or weak battery_ to have it recharged or tracking down someone for a jump-start. There would be no need to call a service station for assistance since the _recharging_ could be completed right on the spot by the vehicle owner. By simply connecting the cables **32** and starting the motor, electricity would be produced by the alternator for direct transfer to the dead battery for _recharging_.", it is Plaintiff's position that Generac's portable generators can produce enough output to charge a battery to then jump-start a disabled vehicle.

For the above stated reasons stated, Plaintiff in good faith believes there are valid claims against Defendant Generac.

**ARGUMENT**

Rule 11 of the Federal Rules of Civil Procedure imposes an affirmative duty upon counsel to conduct a reasonable investigation of the facts before filing papers with the court and the Plaintiff, Audley Brown and his undersigned legal counsel have done so.

In its Motion, Generac presents "In this Circuit:

Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose."

*Spolter v. Sun Trust Bank*, 403 F. App'x 387, 389 (11th Cir. 2010) (quoting *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)); *see also Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)."

Generac has failed to demonstrate that Plaintiff, Audley Brown filed a pleading that has no reasonable factual basis.

Plaintiff, Audley Brown filed a patent application at the United States Patent and Trademark Office on Feb. 4, 1999. Said patent application was awarded as the '961 patent on December 7, 1999. A file history of the '961 patent clearly shows that *no prior art* was cited against the '961 patent. Plaintiff's '961 Patent was a valid, enforceable US patent. Once awarded by the US Patent and Trademark Office, Plaintiff's '961 Patent was never re-examined, nor was it ever invalidated. During the life of Plaintiff's '961 Patent, Defendant Generac never attempted to challenge it, and never petitioned the US Patent and Trademark Office to re-examine it for any reason, including to try to invalidate it.

The accused Generac products in the Complaint were labeled as "Generac Gas Power Charger" as seen in the link https://www.zoro.com/b/GENERAC/ and pictured in Exhibit 1; and more specifically at least those seen in Exhibits 3, 4, and 5.

Undersigned legal counsel Albert Bordas performed a proper pre-suit investigation, being the Patent Infringement Analysis completed on September 16, 2019, and the Generac Claim Chart completed on November 22, 2019. Since the '961 patent taught "In use, the present invention would eliminate the need to remove a *dead or weak battery* to have it recharged or tracking down someone for a jump-start. There would be no need to call a service station for assistance since the *recharging* could be completed right on the spot by the vehicle owner. By simply connecting the cables **32** and starting the motor, electricity would be produced by the alternator for direct transfer to the dead battery for *recharging*.", Plaintiff filed the Complaint with reasonable factual basis.

Generac has failed to demonstrate that when Plaintiff, Audley Brown filed the Complaint, that it was based on a legal theory that had no reasonable chance of success and that could not be advanced as a reasonable argument to change existing law.

Again, Plaintiff, Audley Brown's Patent was a valid, enforceable US patent. Once awarded, Plaintiff's '961 Patent was never re-examined, nor was it ever invalidated. During the life of Plaintiff's '961 Patent, Defendant Generac never attempted to challenge it, and never petitioned the US Patent and Trademark Office to re-examine it for any reason. Examination of the File Wrapper for the '961 patent Application shows that ***no*** amendments were made to the initial claims that contained language specifically at issue. Therefore, Plaintiff, Audley Brown may claim infringement via the *doctrine of equivalents* in addition to *literal infringement*.

Undersigned legal counsel Albert Bordas performed the proper pre-suit investigation, being the Patent Infringement Analysis completed on September 16, 2019, and the Generac Claim Chart completed on November 22, 2019 identifying Generac's portable generators capable of *recharging* vehicle batteries to then jump-start the vehicle.

Plaintiff, Audley Brown filed the Complaint based on a legal theory that he had a reasonable chance of success and that could be advanced as a reasonable argument to change existing law, since the '961 Patent was enforceable, never invalidated, and when compared to the accused Generac products in the Complaint labeled as "Generac Gas Power Charger" as seen in the link https://www.zoro.com/b/GENERAC/ and pictured in Exhibit 1, came within the scope of at least claim 2 of the '961 Patent.

Generac has failed to demonstrate that Plaintiff, Audley Brown filed the Complaint in bad faith for an improper purpose. Plaintiff, Audley Brown was the owner of the '961 Patent. A Patent confers "the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States or importing the invention into the United States" and its territories and possessions for which the term of the patent shall be generally 20 years from the date on which the application for the patent was filed in the United States or, if the application contains a specific reference to an earlier filed application under 35 U.S.C. 120, 121 or 365(c), from the date of the earliest such application was filed, and subject to the payment of maintenance fees as provided by law.

After analyzing and discussing the Patent Infringement Analysis completed on September 16, 2019, and the Generac Claim Chart completed on November 22, 2019, the Plaintiff, Audley Brown and his undersigned legal counsel in good faith believed there were valid claims against Defendant Generac and therefore proceeded with the Complaint filing on June 12, 2020. Plaintiff, Audley Brown filed the Complaint for a proper purpose and therefore within reasonableness under the circumstances.

Generac has failed to demonstrate that undersigned legal counsel failed to make a reasonable inquiry. Undersigned legal counsel Albert Bordas performed a proper pre-suit investigation, being the Patent Infringement Analysis completed on September 16, 2019,

and the Generac Claim Chart, completed on November 22, 2019. Please see Exhibit 8, Bordas Declaration.

The Complaint was not objectively frivolous, and undersigned legal counsel who signed the pleadings determined them to not be frivolous as Generac's accused devices were compared with the construed patent claims. The Complaint met the required standard as it identified Generac's accused devices and labeled them as Generac Gas Power Chargers as pictured the Patent Infringement Analysis in Exhibit 1.

Generac's unilateral interpretation of "jumpstarting" is incorrect. Generac's interpretation of "jumpstarting" i) failed to take into consideration understanding the '961 patent and how Plaintiff, Audley Brown's invention works; ii) failed to take into consideration discovery in the case since no discovery was served; and iii) failed to take into consideration a Markman hearing since no Markman hearing occurred.

The very purpose of the Markman hearing is for the court to determine patent infringement cases by the interpretation of claims, while noting that Plaintiff, Audley Brown could claim infringement via *literal infringement* in addition to the *doctrine of equivalents*, which holds that a patent can be infringed by something that is not literally falling within the scope of the claims because a somewhat insubstantial feature or element has been substituted.

Generac's position that it provided product brochures that invalidated the '961 patent is not understood. The United States Patent and Trademark Office awarded the '961 patent on Feb. 4, 1999. The file history of the '961 patent clearly shows that *no prior art* was cited against the '961 patent to reject it. Please see Exhibit 7, file history of the '961 patent. The file history of the '961 patent also clearly shows that Plaintiff's '961 Patent was never re-examined, nor was it ever invalidated. The file history of the '961

patent also shows that Defendant Generac never attempted to challenge it or petition the US Patent and Trademark Office to re-examine it for any reason. The file history of the '961 patent also shows that Amendments were not required to overcome cited art. This is because the US Patent Examiner did not reject Plaintiff, Audley Brown's patent application with any prior art.

Plaintiff, Audley Brown and his undersigned legal counsel did not willfully and deliberately violate Rule 11 and thus should not be sanctioned.

## CONCLUSION

For the foregoing reasons, Plaintiff, Audley Brown and his undersigned legal counsel respectfully request that the Court deny Defendant Generac Power Systems, Inc.'s Motion For Sanctions pursuant to Fed. R. Civ. P. 11 and deny sanctions against the Plaintiff, Audley Brown and his undersigned legal counsel; and that Defendant Generac and its counsel be required, jointly and severally, to reimburse Plaintiff for his attorney's fees and other expenses incurred in connection with defending against this baseless Motion.

Date: September 8, 2020

                                      Respectfully submitted,

                                      /s/ Albert Bordas
                                      Albert Bordas, Esq.
                                      ALBERT BORDAS, P.A.
                                      5975 Sunset Drive, Suite 705
                                      Miami, Florida 33143
                                      (305) 669-9848 (Tel.)
                                      (305) 669-9851 (Fax)
                                      albert@bordasiplaw.com
                                      FL Bar No. 330220

/s/ Manotti L. Jenkins
Manotti L. Jenkins, Esq.
LAW OFFICES OF MANOTTI L. JENKINS, LTD.
150 North Michigan Avenue, Suite 2800
Chicago, Illinois 60601
(312) 208-9537 (Tel.)
(872) 228-8153 (Fax.)
MJ@mljlawoffices.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2020, the foregoing document, and the Declaration of Albert Bordas were served on all counsel of record identified on the attached Service List, via electronic mail on and via filing with CM/ECF.

/s/ Albert Bordas
Albert Bordas, Esq.
ALBERT BORDAS, P.A.
5975 Sunset Drive, Suite 705
Miami, Florida 33143
(305) 669-9848 (Tel.)
(305) 669-9851 (Fax)
albert@bordasiplaw.com
FL Bar No. 330220

SERVICE LIST

**Audley Brown v. Florida Power & Light Company, et al.**
**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:20-CV-22434-MARTINEZ-OTAZO-REYES**

Service via CM/ECF:

**MERCHANT & GOULD P.C.**
**Thomas Leach**
Thomas J. Leach*
E-mail: tleach@merchantgould.com
Michael A. Erbele*
E-mail: merbele@merchantgould.com
150 South Fifth Street, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 332-5300
* *Admitted pro hac vice*

And

**LOTT & FISCHER, PL**
Ury Fischer
Florida Bar No. 048534
E-mail: ufischer@lottfischer.com
255 Aragon Avenue, Third Floor
Coral Gables, FL 33134
Telephone: (305) 448-7089

***Attorneys for Defendant Generac Power Systems, Inc.***


**HANSEN REYNOLDS LLC**
John P. Shanahan
E-mail: jshannahan@hansenreynolds.com
Thomas S. Reynolds II
E-mail: treynolds@hansenreynolds.com
Joseph J. Jacobi
E-mail: jjacobi@hansenreynolds.com

Jeremy Adelson
E-mail: jadelson@hansenreynolds.com
301 N. Broadway, Suite 400
Milwaukee, WI 53202-2660
Telephone: (414) 455-7676

*Attorneys for Briggs & Stratton Corporation*